# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RENE BUNDRAGE, | : | |
| Petitioner | : | |
| VS. | : | NO. 5:10-cv-202 (CAR) |
| Warden FREDERICK HEAD, | : | |
| Respondent | : | **O R D E R** |

Petitioner **RENE BUNDRAGE**, an inmate at Macon State Prison, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his April 5, 1994, Putnam County, Georgia conviction for murder and armed robbery. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Prior to filing the instant habeas petition, petitioner filed a federal habeas corpus petition challenging this same Putnam County conviction. ***Bundrage v. Donald***, 5:04-cv-128 (CAR) (M.D. Ga.). On August 13, 2004, the undersigned adopted the recommendation of Magistrate Judge Claude W. Hicks, Jr., that petitioner's habeas action be dismissed as untimely.

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); ***see also Guenther v. Holt***, 173 F.3d

---

[1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). Dismissal of a section 2254 petition for untimeliness constitutes an adjudication on the merits and renders future petitions "second or successive." *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir.2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions...."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir.2003) ( per curiam ) ("We hold today that a prior untimely [§ 2254 ] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency....").

Because petitioner's prior challenge to his conviction was dismissed on the merits, the instant petition is successive within the meaning of section 2244(b). As petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider petitioner's request for relief.

It is therefore **ORDERED** that the instant petition be **DISMISSED** without prejudice to petitioner's refiling following his receipt of authorization from the Eleventh Circuit under section 2244(b)(3). The Clerk of Court is ordered to furnish petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

**SO ORDERED**, this 2nd day of June, 2010.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT

cr